**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arthur Gaspard, ) | No. CV 08-1484-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| D. Castillo, et al., ) | |
| Defendants. ) | |

Plaintiff *pro se* and *in forma pauperis* Arthur Gaspard moves for appointment of counsel (Doc. 20), to amend his second amended complaint (Doc. 22), for default judgment (Doc. 24), and again for appointment of counsel (Doc. 28). Defendants have not responded to these motions. Defendants Castillo and Soto move to dismiss (Doc. 25), and Plaintiff opposes (Doc. 27). The parties do not request oral argument. For the reasons that follow, the Court will deny Defendants' motion to dismiss and deny Plaintiff's motions to amend, for default judgment, and for appointment of counsel.

**I.     Background.**

**A.     Procedural Background.**

Plaintiff is an inmate in the custody of the State of California. Doc. 1. He filed this action on October 2, 2008, alleging that he was the subject of assault and emotional distress as a result of conduct by Defendant corrections officer Castillo and others. Doc. 1 at 3. He also alleged conspiracy on behalf of Defendant Castillo's superiors. *Id.* The Court granted

Plaintiff's motion to proceed *in forma pauperis* on October 6, 2008. Doc. 4. Plaintiff filed a first amended complaint on February 11, 2009. Doc. 8. The Court dismissed Plaintiff's complaint for failure to state a claim, but granted leave to amend. Doc. 10. The Court also denied Plaintiff's motion to appoint counsel. *Id.*

Plaintiff filed a second amended complaint. Doc. 14. This complaint sets out in clearer language and in more detail Plaintiff's three counts. Counts I and II allege excessive force by an officer acting under color of law in violation of the Eighth and Fourteenth Amendments, and names Defendants Castillo and Soto, respectively. *Id.* at 4-7. Count III alleges conspiracy to file false charges by officials acting under color of law (Defendants Castillo, Soto, Smith, and Weaver) in violation of the Eighth and Fourteenth Amendments. *Id.* at 8-9. Defendants Castillo and Soto are alleged to be corrections officers, Defendant Smith a lieutenant, and Defendant Weaver a captain. *Id.* at 1.

On June 3, 2010, the Court dismissed Count III without prejudice for failure to state a claim, and accordingly dismissed Defendants Smith and Weaver from the action. Doc. 18. The Court also found that Plaintiff had sufficiently stated a claim of excessive force in Counts I and II, and ordered Defendants Castillo and Soto (hereinafter referred to individually as "Defendant" and collectively as "Defendants") to answer Counts I and II. *Id.* at 5-6. The Court directed Plaintiff to return the Notice of Submission of Documents within thirty days, and ordered the Clerk of Court to serve or seek waiver of service from each remaining defendant upon receipt of Plaintiff's submission. *Id.* at 6. Plaintiff complied, and on July 6, 2010, the Court ordered the United States Marshal to seek waiver of service or, if waiver is not returned by a Defendant within 60 days, to personally serve such Defendant. Doc. 21. The Court also ordered Defendants to answer the Second Amended Complaint or otherwise respond by appropriate motion. *Id.* The U.S. Marshal mailed waivers to each Defendant on July 17, 2010 (Doc. 26 at 2, 4), and on September 8, 2010 Defendants signed waivers of service (*id.* at 1, 3).

**B.     Present Motions.**

On July 1, 2010, Plaintiff moved for appointment of counsel. Doc. 20. He renewed

1  the motion on October 4, 2010. Doc. 28. The arguments pressed by the motions are similar
2  to those in Plaintiff's first motion for appointment of counsel, which this Court denied
3  (Doc. 10). *Compare* Doc. 9 *with* Docs. 20, 28.

4  On July 12, 2010, Plaintiff moved to amend his second amended complaint to add
5  claims against Sergeant M.A. Smith (Acting Lieutenant) and Lieutenant John Doe for
6  conspiring with Defendants Castillo and Soto to file false charges against Plaintiff. Doc. 22.
7  Defendants have not filed a response.

8  On August 12, 2010, Plaintiff moved for a judgment by default on the grounds that
9  Defendants have not answered or defended against his complaint. Doc. 24. Defendants have
10 not filed a response.

11 On September 7, 2010, Defendants Castillo and Soto moved to dismiss "under
12 unenumerated Rule 12(b)" because Plaintiff did not administratively exhaust his Eighth
13 Amendment claims. Doc. 25-1. Plaintiff responds that he "'filed' an informal grievance
14 'verbally' through a taped interview" with a lieutenant and, upon inquiry as to whether a
15 CDC Inmate Appeal needed to be filed, was told by the lieutenant that filing an appeal was
16 not necessary in light of the verbal allegations. Doc. 27 at ¶¶ 2, 9. Plaintiff also argues that
17 the appeal system was not available to him and that, therefore, his failure to exhaust should
18 be excused. He points out, for example, that after waiting as told by the lieutenant, he filed
19 a written appeal that "disappeared and was never processed," and that staff destroyed or
20 prevented from being processed one or more prisoners' appeals. *Id.* at ¶¶ 3-6. Plaintiff
21 admits, however, that after his first appeal was lost he filed a second appeal that was
22 "screened out" as untimely. *Id.* at ¶ 18. Plaintiff alleges that he objected to this decision (*id.*
23 at ¶ 19), that his objection was again rejected (*id.*), and that he wrote to the "Chief of [the]
24 Appeals Branch" only to receive a response stating that his appeal is rejected and if he
25 disagrees he must contact and comply with instructions from the Appeals Coordinator (*id.*

at (¶ 21).¹ Plaintiff further states that he proceeded to contact the Appeals Coordinator requesting a decision so that he could "exhaust to the Director's level of review," and received a written reply that his "informal inquiry" was concluded. *Id.* at ¶¶ 23-24. Plaintiff does not appear to argue that he actually exhausted his appeals to the Director's level as required by the administrative procedure here, but rather than the "grievance system" prevented him from exhausting through bad advice from the interviewing officer, lost paperwork, faulty screening, and other misdirection. Defendants have not filed a reply.

**II.    Discussion.**

   **A.    Motion for Default Judgment.**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters a party's default, default judgment may be entered by the clerk or the court, as circumstances warrant. Fed. R. Civ. P. 55(b). The decision to enter a default judgment is discretionary. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

The Court ordered the U.S. Marshal to notify Defendants of the commencement of this action and request a waiver of service, and ordered the mailing to include a copy of the Court's June 3, 2010 order that recited the claims against Defendants. Doc. 21 at 2. The Marshal mailed waivers to each Defendant on July 17, 2010. Doc. 26 at 2, 4. On

---

¹ Plaintiff attached as an exhibit the response letter from the Inmate Appeals Branch. Doc. 27 at 38. The letter states that the Branch "acts for the Director, Division of Adult Institutions, at the third level of appeal." *Id*. The letter also states that it received an appeal from Plaintiff and "has determined that [the appeal] does not comply with the appeal procedures . . . for the following reason(s):[.]" *Id*. No reasons appear on the line after the colon, but the next paragraph – aligned the same as previous paragraphs – states "Your appeal was rejected, withdrawn, or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office." *Id.* This letter does not appear to the Court to be an exhausted appeal because it explicitly states that the appeal "does not comply with the appeal procedures." *Id.* The Prison Litigation Reform Act requires that exhaustion on the merits be properly made according to administrative rules. *See Woodford v. Ngo*, 548 U.S. 81, 85, 92 (2006).

September 8, 2010, Defendants signed waivers of service. *Id.* at 1, 3. Defendants filed their motion to dismiss on September 7, 2010. Because Defendants have appeared and sought to defend this action, the Court will exercise its discretion and deny the Plaintiff's motion for default judgment.

### B. Motion to Dismiss.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines. In other words, "the PLRA exhaustion requirement requires *proper* exhaustion." *See Woodford v. Ngo*, 548 U.S. 81, 91-93 (2006) (emphasis added). "Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Id.* at 85.

Defendants assert that under California regulations, "a prisoner must proceed through an initial informal level and three formal levels of review, culminating in a Director's level decision" before a claim is deemed exhausted. Doc. 25-1 at 3. The appeals process allegedly requires appeals be submitted within fifteen days after the event being appealed. *Id.* at 4. Defendants argue that Plaintiff's only appeal that reached the Director's level did not include his Eighth Amendment excessive force claims against them. *Id.* at 2. They also argue that Plaintiff's appeal which referenced allegations of excessive force was untimely. *Id.* They state that Plaintiff filed yet another appeal to obtain a report related to the incident at issue here, but that the appeal did not advance to the next stage because Plaintiff was given the report he requested. *Id.* at 3.

Plaintiff responds that he filed the complaint of excessive force verbally and was told by the interviewing lieutenant, upon inquiry, that a written appeal is not required and that he must first await the results of the investigation. Doc. 27 at ¶¶ 2, 9. Plaintiff further asserts

- 5 -

that no investigation was performed into his excessive force complaint. *Id.* at ¶ 12. Plaintiff also argues, albeit inartfully, that exhaustion should not be strictly required in this case because the appeals process for this prison suffers from irregularities, including the "losing" of his first appeal alleging excessive force. *Id.* at ¶¶ 3-6. Defendants have not filed a reply.

Defendants do not deny Plaintiff's assertion that he reported the incident to officials, that there was a videotaped interview where Plaintiff stated what happened, that Plaintiff later filed an appeal regarding the excessive force claims, or that the appeal was expressly rejected on timeliness grounds. Defendants do not address Plaintiff's inartful tolling argument based on statements allegedly made to him about the appeal process by the interviewing lieutenant. They also fail to address Plaintiff's allegation that no investigation was performed into his excessive force complaint (*id.* at ¶ 12). They further fail to address Plaintiff's argument that the grievance system is not reliable and that exhaustion therefore should not be imposed.

Plaintiff clearly does not show that he properly exhausted his claims. The majority in *Woodford* made clear that exhaustion on the merits must be properly made. 548 U.S. at 90, 93 (holding that "the PLRA exhaustion requirement requires proper exhaustion," and drawing parallels to administrative law where exhaustion requirements give an agency a "fair and full opportunity" to address the issues on the merits (citation omitted)). The dissent's proposition that the PLRA "does not distinguish between a denial on the merits and a denial based on a procedural error" – i.e., that the "PLRA does not impose a sanction of waiver or procedural default upon those prisoners who make such procedural errors" – did not carry the day. *Id.* at 105 (Stevens, J., dissenting).

In the Ninth Circuit, however, failure to exhaust may be excused in some limited circumstances. In *Nunez v. Duncan*, 591 F.3d 1217 (9th Cir. 2010), the Ninth Circuit excused an inmate's failure to timely exhaust because he "took reasonable and appropriate steps to exhaust his [claim] and was precluded from exhausting, not through his own fault but by the Warden's mistake." 591 F.3d at 1224. The inmate filed his informal and formal complaints with the warden within the time period required by the administrative rules. *Id.*

at 1224-25. The delay occurred subsequently, after the warden provided plaintiff with incorrect information about the documents he needed to obtain in order to defend his appeal of a denial. *Id.* at 1224-26.

In contrast to *Nunez*, Plaintiff here did not file his formal written complaint timely as required by the rules. He only filed a verbal complaint and allegedly was told by the interviewing officer that he need not file a written appeal until the investigation concluded. Allowing such an excuse to defeat exhaustion might be in tension with the PLRA's goals of limiting inmate actions in federal court, as recognized in *Woodford*, because any inmate could simply allege that he was given misinformation by a corrections officer, or even solicit such misinformation, and thereby bypass proper administrative procedure. *Nunez* briefly addressed this possibility by citing favorably to *Brown v. Croak*, 312 F.3d 109, 111-12 (3d Cir. 2002), for the proposition that "administrative remedies [are] unavailable where prison officials erroneously told prisoner he must wait until investigation was complete." *Nunez*, 591 F.3d at 1226. Although *Brown* was decided before *Woodford*, the Ninth Circuit appears to consider it good law post-*Woodford* – and Plaintiff here complains of the same misdirection as was at issue in *Brown*.

Additionally, in *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010), decided approximately four months ago, the Ninth Circuit held that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." The court developed a two-part test for applying this exception:

> the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.

*Id.* at 823-24. Plaintiff has met the first element of this test by filing an appeal citing excessive force. The second element is also met because, under *Nunez*, the interviewing officer's misinformation excuses Plaintiff's untimely filing of the appeal. Because Plaintiff's appeal was improperly screened as untimely by officials, Plaintiff's failure to exhaust is

excused.

In sum, Plaintiff failed to exhaust his claims as required by PLRA. This failure was, however, allegedly due to the fact that an officer advised Plaintiff he could wait until the investigation was complete before filing his written appeal. Plaintiff followed up on the investigation, and appealed the screening of his untimely appeal to the Director's level. Based on *Nunez* and *Sapp*, Plaintiff's failure to exhaust is excused. Accordingly, the Court will deny Defendants' motion to dismiss.

### C. Motion to Amend.

Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend, however, if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Undue delay by itself is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 757, 758 (9th Cir. 1999)); *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1983) (same).

Plaintiff has been afforded three opportunities to plead his claims. His request for a third amended complaint was filed approximately one year and nine months after the initial complaint and approximately two years and six months after the incidents actually occurred. The Court concludes that Plaintiff has had ample opportunity to state his claims, that he has unduly delayed the assertion of his alleged new claims, and that Defendants would be prejudiced both by the passage of time and the staleness of claims were a fourth attempt to plead claims be permitted. The Court will, therefore, deny Plaintiff's motion for leave to amend.[2]

---

[2] Plaintiff's proposed conspiracy claim is independently futile. The claim alleges that the four defendants – Castillo, Soto, Smith, and a lieutenant – "were gathered together to have a 'meeting of the minds,'" destroyed evidence of the first 114-D charge for "Resisting Staff," and "came up with a false charge of 'Battery on a Peace Officer'" in order to divert

- 8 -

### D. Motions for Appointment of Counsel.

A pro se plaintiff in a civil case has no right to appointed counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) when warranted by "exceptional circumstances." *Palmer*, 560 F.3d at 970. "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These two factors must be viewed together. *Palmer*, 560 F.3d at 970.

Plaintiff has not shown that he is likely to succeed on the merits, nor that he is unable to articulate his claims. The Court again will deny his motions for appointment of counsel.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 24) is **denied**.
2. Plaintiff's motion to amend (Doc. 22) is **denied**.
3. Plaintiff's motions to appoint counsel (Docs. 20, 28) are **denied**.
4. Defendants' motion to dismiss (Doc. 25) is **denied**.

DATED this 18th day of January, 2011.

*David G. Campbell*
United States District Judge

---

attention from Defendants Castillo and Soto and dissuade Plaintiff from filing charges against these defendants. Doc. 23 at 14-15. Plaintiff admits, however, that although this battery charge was filed with the District Attorney, the District Attorney dismissed the charge. *Id.* at 14. Thus, Plaintiff fails to allege harm suffered as a result of the alleged conspiracy and therefore fails to properly allege a deprivation of a constitutional right. *See id.* at 14-15.

- 9 -