**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Arthur Gaspard, | ) | No. 1:08-cv-1484-DGC |
| Plaintiff, | ) ) | |
| vs. | ) | **ORDER** |
| D. Castillo, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

Plaintiff *pro se* and *in forma pauperis* Arthur Gaspard moves to amend his complaint. Doc. 40. Defendants interpret this amendment as seeking to assert new claims under the California constitution's prohibition on cruel and unusual punishment, as well as claims of assault under state law. Doc. 42. Defendants oppose amendment, arguing in part that the California constitution does not countenance a claim for damages arising from the prohibition against cruel and unusual punishment, and that Plaintiff's claim of assault does not comply with California's Government Claims Act. *Id.* Plaintiff has not filed a timely reply.

Section 5 of Plaintiff's second amended complaint seeks as relief, in part, "$500,000.00 for [assault] under color of authority [cruel] and unusual punishment, pain and suffering, and conspiring to bring about false charges (knowingly), and violating Plaintiff's 8th + 14th constitutional amendment rights . . . ." Doc. 14 at 3. The conspiracy claim was dismissed by the Court on June 3, 2010 (Doc. 18). The current motion to amend proposes to "amend relief section 1983." Doc. 40 at 1 (see caption). It also states that "Plaintiff is asking for $500,000.00 jointly and [separately] from Defendants D. Castillo and J. Soto for

[assault] under state law [cruel] and unusual punishment, pain and suffering, violations of Plaintiff's 8th and 14th constitutional amendment rights." *Id.* at 1-2. Plaintiff's amendment frames the changes he is trying to make to section "V. Relief" as "very small changes in his request for relief." *Id.* at 2.

In light of the above language and representations, the Court is not persuaded that Plaintiff's characterization of the amendment is correct: adding new freestanding claims for violation of the state constitution and for assault are by no means "very small changes," as such claims would be adding new causes of action rather than merely cleaning up the "request for relief." Accordingly, the Court will decline the invitation to pass on important matters of state constitutional and statutory law when doing so is unnecessary. The Court will interpret Plaintiff's amendment as seeking to clarify that his $500,000 in damages is being sought "jointly and [separately]" from the two defendants, and that the conspiracy claim is no longer being pursued. Such clarifications would be "very small changes" indeed. But these "changes" does not require an amendment: the first "change" is merely a clarification about how the damage amount in the complaint should be interpreted (clarification that Defendants now have), and the second "change" is unnecessary because the conspiracy claim was already dismissed by the Court. The Court will therefore deny the motion to amend as moot.

Plaintiff also makes for the fourth time a request for appointment of counsel (Doc. 40 at 2) but fails to make the showing of exceptional circumstances required under 28 U.S.C. § 1915(e)(1) and *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), as already explained by the Court (Docs. 10, 30). The Court will therefore deny the motion.

**IT IS ORDERED** that Plaintiff's motion (Doc. 40) is **denied** as stated above.

DATED this 18th day of July, 2011.

David G. Campbell
United States District Judge

- 2 -