**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Arthur Gaspard, | ) | No. 1:08-cv-1484-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| D. Castillo, et al., | ) | |
| Defendants. | ) | |

Plaintiff has filed another motion for appointment of counsel. Doc. 48. Plaintiff has filed two previous motions for appointment of counsel (*see* Docs. 20, 28). As with the previous motions for appointment of counsel, the Court will deny Plaintiff's third motion for appointment of counsel.

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, has discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Having considered both factors, the Court does not find "exceptional circumstances" requiring the appointment of counsel. While Plaintiff ultimately may prevail at trial on his § 1983 claim, he has not demonstrated a *likelihood* of success. Nor has he shown that any

1 difficulty he is experiencing in attempting to litigate his case is due to the complexity of the
2 issues involved.

3 **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 48) is
4 **denied**.

5 DATED this 31st day of October, 2011.

_____
David G. Campbell
United States District Judge