**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ARTHUR GASPARD,** | No. 1:08-cv-01484 DGC |
| Plaintiff, | |
| v. | **ORDER** |
| **D. CASTILLO, et al.,** | |
| Defendants. | |

Plaintiff Arthur Gaspard, a California prisoner proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against two corrections officers, Defendants Castillo and Soto. Doc. 14; Doc. 31 at 2. Plaintiff alleges that Defendants violated the Eighth and Fourteenth Amendments by using excessive force while acting under color of law. *Id.* at 4–7. Defendants answered denying Plaintiff's allegations, and discovery commenced. Doc. 32. Now pending before this Court is Plaintiff's Motion to Compel. The issue has been fully briefed. For the reasons stated below, the Court will deny the motion.

**I.   BACKGROUND**

Though not explicit in the motion itself, it is clear that Plaintiff filed this motion to compel compliance with Requests 4 and 10 of his first request for production of documents. Doc. 46. Request 10 asks for "[c]opies of any and all [written grievances] against Defendants, D. Castillo and J. Soto, for assulting [sic] inmates, and copies of any and all court cases for civil suites [sic] State and Federal, while acting 'Under Color of

State Authority.'" Doc. 46 at 12; Doc 47 at 3. Plaintiff further seeks to compel discovery of Request 4, which essentially asks for a transcript and copy of a "taped interview," which Defendants assume to be Plaintiff's "use-of-force interview." Doc. 46 at 11; Doc. 47 at 1.

Defendants oppose the motion. *Id.* In response to the requests for all of Defendants' inmate grievances and civil lawsuits, Defendants claim that they have already produced all documents under their possession, custody, or control. *Id.* Defendants also claim that they do not have access or even the right to access the files where these grievances are kept. Further, they claim that the production of any further responsive documents would require "hundreds of man-hours" to search through thousands of documents, even if they were allowed access to the documents. *Id.* at 5.

Defendants also claim that a transcript of the use-of-force interview does not exist. *Id.* Defendants claim that Plaintiff would not be allowed to keep a physical copy of the video in his cell; as an alternative to providing a copy, Defendants have offered to allow Plaintiff to view the video upon request and approval by prison officials. *Id.* at 3.

Defendants ask the Court to take judicial notice of a Kings County Superior Court's *in camera* review of Defendant Castillo's personal file, which found no records relevant to a state action for excessive force. *Id.* at 5.

## II.  LEGAL ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan.30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)). Courts cannot compel production of evidence that does not exist. *See Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978).

## A. PLAINTIFF'S REQUEST 10 – INMATE GRIEVANCES

Defendants claim that they are not in possession, custody, or control of any other inmate grievances because the Appeals Coordinator at the prison maintains all such records and they are not accessible to corrections officers. Doc. 47 at 5 n.1. Because they are not legally available on demand, Defendants conclude they have fully complied with Plaintiff's request for production. This Court agrees. Plaintiff has not contradicted the claim that Defendants do not have legal access to these records.[1] Defendants have provided Plaintiff with the responsive documents in their possession, custody, and control, and there is nothing more Defendants can do to comply with Request 10.

Furthermore, the grievances are filed according to inmate, not correctional officer. This, Defendants argue, means that to find the grievances requested they need to search through over four thousand different inmates' files and pull out only those grievances lodged against Defendants. Request 10 asks for all grievances, without specifying a time period. Defendants would also need to track down and search all grievances of inmates who are no longer incarcerated. Defendants estimate this would take in excess of several months and several hundred hours of work. Thus, Request 10 is also unduly burdensome.

## B. PLAINTIFF'S REQUEST 4 – USE-OF-FORCE TAPE

Defendants assert that a transcript of the use-of-force interview does not exist. Plaintiff does not prove otherwise. Because courts cannot compel evidence that does not exist, the Court must deny Plaintiff's motion to compel the transcript. Further, Defendants state that Plaintiff would not be allowed to possess a physical copy of the tape in his cell, and have alternatively offered for Plaintiff to arrange an acceptable time to view the tape. The Court finds this to be a reasonable alternative and a sufficient response to Plaintiff's request for a copy of the video tape.

**IT IS ORDERED:**

1. Plaintiff's motion to compel is **denied**.

2. Plaintiff's request for reasonable expenses in filing this motion is **denied**.

---

[1] *See Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 137 (E.D. Mich. 2009) (citing *Smith v. Anderson*, 689 F.2d 59 64 (6th Cir. 1982) (absent contrary evidence, "the Court presumes the truthfulness of representations made to the Court by attorneys.")

3. Defendants request for this Court to take judicial notice of the existence of the Kings County Superior Court's *in camera* review of Defendant Castillo's personnel file is **denied**.

Dated this 10th day of November, 2011.

David G. Campbell
United States District Judge