1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8                              FRESNO DIVISION

9

10   | Arthur Gaspard, | No. 1:-08-cv-01484 DGC |
     | --- | --- |
     | Plaintiff, | **ORDER** |
     | v. | |
     | D. Castillo, et. al., | |
     | Defendants. | |

11

12

13

14

15

16

17        Plaintiff Arthur Gaspard, an inmate of the California Department of Corrections

18   and Rehabilitation, filed a *pro se* civil rights second amended complaint pursuant to 42

19   U.S.C. § 1983 .  Doc. 14.  The complaint alleges that correctional officers D. Castillo and

20   J. Soto used excessive force in violation of his rights under the Eighth and Fourteenth

21   Amendments.[1]  Doc. 14 at 3.  Defendants Castillo and Soto filed a motion for summary

22   judgment.  Doc. 59.  The motion has been fully briefed and neither party has requested

23   oral argument.   Docs. 65, 66.   For the reasons that follow, the Court will grant

24   Defendants' motion.

25   _____

26        [1]  The complaint also alleges that Defendants Castillo and Soto and two
     supervising officers filed false charges against him in a conspiracy to cover up their
27   excessive use of force violations.  Doc. 14 at 3, 8-9.  The Court dismissed this count for
     failure to state a claim (Doc. 18 at 5) and denied Plaintiff's request to file a third amended
28   complaint.  Doc. 30 at 8, 9.

1

I.      **Legal Standards.**

2

       **A.      Summary Judgment.**

3

       A party seeking summary judgment "bears the initial responsibility of informing

4

the district court of the basis for its motion, and identifying those portions of [the record]

5

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

6

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   Summary judgment is appropriate if the

7

evidence, viewed in the light most favorable to the nonmoving party, shows "that there is

8

no genuine dispute as to any material fact and the movant is entitled to judgment as a

9

matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate against a

10

party who "fails to make a showing sufficient to establish the existence of an element

11

essential to that party's case, and on which that party will bear the burden of proof at

12

trial."  *Celotex*, 477 U.S. at 322.  Only disputes over facts that might affect the outcome

13

of the suit will preclude the entry of summary judgment, and the disputed evidence must

14

be "such that a reasonable jury could return a verdict for the nonmoving party."

15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

16

       **B.      Excessive Use of Force.**

17

       "[W]henever prison officials stand accused of using excessive physical force in

18

violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was

19

applied in a good-faith effort to maintain or restore discipline, or maliciously and

20

sadistically to cause harm."   *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).   In

21

determining whether the force is excessive, the court should look to the "extent of injury

22

. . . , the need for application of force, the relationship between that need and the amount

23

of force used, the threat 'reasonably perceived by the responsible officials,' and 'any

24

efforts made to temper the severity of a forceful response.'"  *Id.*, 503 U.S. at 7 (quoting

25

*Whitley v. Albers,* 475 U.S. 312, 321 (1986)); *see also Martinez v. Stanford*, 323 F.3d

26

1178, 1184 (9th Cir. 2003).  Although the Supreme Court has never required a showing

27

that an emergency situation existed, "the absence of an emergency may be probative of

28

whether the force was indeed inflicted maliciously or sadistically."  *Jordan v. Gardner*,

- 2 -

1   986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc).   Moreover, there is no need for a

2   showing of a serious injury as a result of the force, but the lack of such an injury is

3   relevant to the inquiry.  *See Hudson*, 503 U.S. at 7-9.

4   **II.      Plaintiff's Failure to Comply With Federal and Local Rules.**

5          Defendants' motion for summary judgment includes a separate statement of facts

6   as required by Local Rule of Civil Procedure 56.1(a). Doc. 59-1.   Plaintiff's response

7   does not include a separate statement of facts setting forth in corresponding numbered

8   paragraphs whether he disputes Defendants' facts and referencing admissible portions of

9   the record in support of his position as required by Local Rule 56.1(b).   Plaintiff's

10  response, titled "Declaration of A. Gaspard in Opposition to Defendants Motion for

11  Summary Judgment," consists of an unsigned declaration, largely recounting Plaintiff's

12  own version of the facts as set forth in the second amended complaint.  Doc. 65.

13         After Defendants' motion was filed and before Plaintiff responded, the Court

14  specifically advised Plaintiff of his obligation to respond to the summary judgment

15  motion, including the requirement that he submit evidence in support of his claims.  The

16  Court's order explained:

17

18         Defendants have filed a Motion for Summary Judgment (Doc. 59)
           pursuant to Rule 56 of the Federal Rules of Civil Procedure.

19

20         The Defendants' Motion for Summary Judgment seeks to have your
           case dismissed.  A motion for summary judgment under Rule 56 of the
21         Federal Rules of Civil Procedure will, if granted, end your case.

22         Rule 56 tells you what you must do in order to oppose a motion for
23         summary judgment.  Generally, summary judgment must be granted when
           there is no genuine issue of material fact – that is, if there is no real dispute
24         about any fact that would affect the result of your case, the party who asked
           for summary judgment is entitled to judgment as a matter of law, which
25         will end your case.  When a party you are suing makes a motion for
26         summary judgment that is properly supported by declarations (or other
           sworn testimony), you cannot simply rely on what your complaint says.
27         Instead, you must set out specific facts in declarations, depositions, answers
28         to interrogatories, or authenticated documents, as provided in Rule 56(e),

- 3 -

that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Doc. 60.

The Court also apprised Plaintiff of Local Rule 56.1 and its requirement of a separate, controverting statements of facts:  "Rule 56.1(b) of the Local Rules of Civil Procedure also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.   Your separate statement of facts must include numbered paragraphs corresponding to the Defendants' ("moving party's") separate statement of facts."  *Id.* The order then quoted the relevant portions of the local rule.  *Id.* The order further apprised Plaintiff of his obligation to file a memorandum of law in response to Defendants' memorandum, and set forth the dates on which his response was due.  *Id.*

The Court subsequently granted Plaintiff's request for a 45-day extension to file his response.  Doc. 63.  Plaintiff stated that the extension would "allow the Plaintiff to recover his legal material and answer with full knowledge of the issues in the Defendants motion for summary judgment."  Doc. 61 at 1-2.

Plaintiff's failure to file a memorandum in response to Defendants' motion and a separate statement of facts controverting Defendants' statement is in clear disregard of the requirements of Rule 56 and Local Rule 56.1.  It also is disregards the Court's order apprising Plaintiff of his obligations.   As a result, Defendants' statement of facts is undisputed for purposes of the motion.  *See* Fed. R. Civ. P. 56(e)(2).

**III.   Discussion.**

Plaintiff's second amended complaint stems from an incident on December 26, 2007, in which Plaintiff alleges that correctional officer D. Castillo assaulted him three times (Doc. 14 at 3, 4-5) and that correctional officer J. Soto assaulted him once (*id.* at 3, 5, 7).  Plaintiff alleges that both officers acted maliciously and sadistically under of color

1   of law in violation of his Eighth and Fourteenth Amendment rights.  *Id.* at 4, 7.

2   Defendants argue that they are entitled to summary judgment because the undisputed

3   facts show that their use of force was reasonable, necessary, and minimal, and because

4   they are entitled to qualified immunity.  Doc. 59 at 1.

5   **A.    Defendants' Undisputed Statement of Facts.**

6   Defendants' statement of facts (Doc. 59-1) is supported by Defendants' sworn

7   declarations (Doc. 59-2, 59-3) and by authenticated records of the relevant crime/incident

8   report, including first-hand accounts by Defendants and two supervising officers, and

9   Plaintiff's follow-up medical evaluation.  Doc. 59-4.  These materials establish the

10  following facts.

11  On the morning of December 26, 2007, at the California State Prison-Corcoran,

12  correctional officer J. Soto was monitoring the inside of the prison dining hall and officer

13  D. Castillo was conducting random clothed searches of inmates leaving the dining hall.

14  Doc. 59-1, ¶¶ 1-3.  Plaintiff was exiting the dining hall at approximately 8:15 a.m. when

15  Castillo ordered him to submit to a search.  *Id.*, ¶ 4.  Plaintiff looked at Castillo and

16  reached into his right pocket.  *Id.*, ¶ 5.  Plaintiff then pulled out a banana, threw it at a

17  fence behind Castillo, and asked in an angry tone if that is what Castillo wanted.  *Id.*

18  Castillo ordered Plaintiff to submit to a search and began a pat-down in which he

19  stood close to Plaintiff but not pressing against him.  *Id.*, ¶ 6.  Plaintiff yelled profanities

20  at Castillo and began to make a scene in the vicinity of about 50 other inmates.  *Id.*, ¶¶ 7-

21  11.  Castillo ordered Plaintiff to move to another area and submit to handcuffs.  *Id.*, ¶¶

22  11-12.  When Castillo grabbed Plaintiff's left hand, Plaintiff yelled that Castillo was

23  breaking his arm.  *Id.*, ¶ 12.  Officer Soto arrived, and both Castillo and Soto told

24  Plaintiff to stop yelling and to stop his disruptive behavior.  *Id.*, 13.  Castillo placed

25  handcuffs on Plaintiff and told him that no one was trying to hurt him.  *Id.*, ¶¶ 13-14.

26  Sergeant D. Smith came out of the dining hall to check on the disturbance and

27  ordered Castillo and Soto to escort Plaintiff to the Program Office.  *Id.*, ¶ 15.  During the

28  escort, Plaintiff continued to use profanities and kept turning his head toward Castillo and

1
2
3
4
5
6
7
8
9

speaking in an angry voice. *Id.*, ¶ 16.  At the entrance to the office, Plaintiff attempted to collide with the doorway, and Castillo pulled him back by his arm. *Id.*, ¶ 19.  Once inside the office, Castillo held Plaintiff by the arm as they approached a holding cell. *Id.*, ¶ 20. Plaintiff entered the cell, then lunged forward in an attempt to free himself, pressed against the back of the cell with his right food, and pushed into Castillo who stumbled backwards toward Soto. *Id.*, ¶¶ 20-22.  Castillo fell with Plaintiff on top of him, and Soto lost his balance and struck his right knee on a chair. *Id.*, 25-26.  Castillo regained control of Plaintiff and rolled him onto the floor where he held him down by pressing against his right shoulder and holding his handcuffs. *Id.* ¶, 27.

10
11
12
13
14

Despite Castillo's orders to be quiet and stop resisting, Plaintiff continued to struggle, thrashing his body from side to side and yelling "stop beating me." *Id.*, ¶ 28. Sergeant M. Drew arrived, ordered Plaintiff to calm down, and directed Castillo and Soto to step out of the cell and draw their batons. *Id.*, ¶ 29.  Castillo and Soto complied, and Sergeant Drew assisted Plaintiff to his feet and locked him in the holding cell. *Id.*, ¶ 30.

15
16
17

Castillo and Soto had no further contact with Plaintiff. *Id.*, ¶ 31.  Soto received treatment for swelling and pain in his right knee. *Id.*, ¶ 33.  At approximately 8:27 a.m., Plaintiff was evaluated by medical staff who found no injuries. *Id.*, ¶ 32.

18

### B.      Plaintiff's Response.

19
20
21
22
23
24
25
26
27
28

Plaintiff's second amended complaint differs from Defendants' account.  Plaintiff alleges that when Castillo took his arm to handcuff him he wrenched it behind his back and thrust Plaintiff's head into a wall (Doc. 14 at 4), that Castillo thrust him against the wall and then the floor of the holding cell (*id.* at 5), and that Soto joined Castillo in the cell and pounced on Plaintiff's head with his knee. *Id.* at 5, 7.  The Court specifically advised Plaintiff that he could not respond to Defendants' motion for summary judgment simply by relying on what his complaint says, but must "set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial."  Doc. 60.

1    And yet Plaintiff submitted only an unsigned declaration largely mirroring the allegations

2    of the complaint and an uncertified copy of medical records made on his hospital

3    admission the day after the alleged assaults.  Doc. 65.  The unsigned declaration does not

4    constitute competent evidence (*see*, *e.g.*,  28 U.S.C. § 1746 (requiring declarations to be

5    sworn or signed under penalty of perjury)), and the medical records appear to relate to

6    symptoms brought on by Plaintiff's refusal to take insulin for his diabetes and make no

7    mention of injuries sustained as a result of the alleged assaults.  *See* Doc. 14 at 15-16.

8         Plaintiff provides no other evidence to corroborate the allegations of assault and

9    injury made in his complaint and unsigned declaration.  Although Plaintiff alleges that

10   two female and three male officers witnessed Castillo yelling at him loudly and acting as

11   if he were going to beat him up (Doc. 65 at 2), he provides no signed declarations or

12   other admissible evidence from these or any other witnesses.  Plaintiff also alleges that

13   Sergeant Smith witnessed Castillo assaulting him and told Castillo to stop (*id.* at 3), that

14   Sergeant Drew saw Castillo and Soto assaulting him in the holding cell and ordered them

15   to get off (*id.* at 4), that Plaintiff later overheard Sergeant Drew yelling at Castillo and

16   Soto about the incident, and that Defendants' superior officers apologized to him for

17   Defendants' actions.  *Id.* at 5.  But Plaintiff provides no evidence to back up these claims.

18   Moreover, the assertions that Sergeants Smith and Drew intervened in the assaults are not

19   consistent with the statements provided by those officers in the crime/incident report.  *See*

20   Doc. 59-4 at 13-14 (Sergeant Smith reporting that she "discovered that Officers Soto and

21   Castillo had cuffed an inmate" and she told Plaintiff to stop yelling, thinking he might

22   incite other inmates), 7-8 (Sergeant Drew reporting that he discovered Castillo holding

23   Plaintiff down and ordering him to relax and comply with orders and that Plaintiff was

24   yelling and thrashing about).

25        **C.    Analysis.**

26        As noted above, summary judgment may be granted against a party who "fails to

27   make a showing sufficient to establish the existence of an element essential to that party's

28   case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at

322.   Plaintiff bears the burden of proof on his excessive force claim, and has failed to present any evidence that Defendants used excessive force against him.   Considering the relevant *Hudson* factors – the extent of the injury suffered, the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response – Plaintiff has presented no evidence from which a reasonable jury could find in his favor.   As a result, Defendants' motion for summary judgment will be granted.   Because the Court concludes that Defendants are entitled to summary judgment on Plaintiff's § 1983 claims, the Court need not address qualified immunity.

**IT IS ORDERED:**

1.     Defendants D. Castillo's and J. Soto's motion for summary judgment (Doc. 59) is **granted**.

2.     The Clerk of the Court is directed to **terminate** this matter.

Dated this 9th day of July, 2012.

David G. Campbell
United States District Judge